# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Cassandra M. Smith, | ) |
| Plaintiff, | ) Civil Action No.: 3:18-cv-03011-JMC |
| v. | ) |
| Ralph Goldberg, | ) **ORDER AND OPINION** |
| Defendant. | ) |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report"), filed on March 20, 2019 (ECF No. 27). The Report addresses Defendant Ralph Goldberg's Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (ECF No. 18 at 1) and recommends that Plaintiff Cassandra M. Smith's action (ECF No. 1) be transferred to the United States District Court for the Northern District of Georgia. (ECF No. 27.) The court **ACCEPTS** the Magistrate Judge's Report (ECF No. 27) and incorporates it herein by reference. For the reasons set out in the Report, the court **TRANSFERS** this action to the United States District Court for the Northern District of Georgia.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 27 at 2–7.) As a brief background, on November 7, 2018, Plaintiff, proceeding pro se, brought this breach of contract action for damages against Defendant, her former attorney. (ECF No. 1 at 1.) Plaintiff's Complaint exclusively alleges a breach of contract claim. (*See id.* at 2–9.) On December 20, 2018, Defendant moved to dismiss the action for lack of personal jurisdiction. (ECF No. 18.)

On March 20, 2019, the Magistrate Judge entered her Report, concluding that this court lacks personal jurisdiction over Defendant and recommending the Complaint be transferred to the United States District Court for the Northern District of Georgia. (ECF No. 27 at 2–7.) Under 28 U.S.C. § 1406, a matter filed in the wrong federal district court can be dismissed by the court or transferred to another federal court in which it could have been brought if it be in the interest of justice. The Magistrate Judge recommends a transfer, under 28 U.S.C. § 1406, because "the parties would reach the merits of this matter faster and with less cost than if Smith had to refile the matter in a new forum." (*Id.* at 7.) Further, the Magistrate Judge reasons that "dismissal could produce an unduly harsh result" because a future action may be barred by the applicable statute of limitations under Georgia law, whereas this action *was brought within the statutory period*. (*Id.*) *See also* GA. CODE ANN. § 9-3-24 (West 2019) (stating that breach of simple contracts carries a six-year statute of limitations under Georgia law).

As part of the Report, the Magistrate Judge notified the parties of their right to file specific objections by April 3, 2019. (ECF No. 27.) Defendant timely filed an Objection in which he disputes the Magistrate Judge's determination that "dismissal could produce an unduly harsh result in this case, given that the statute of limitations may preclude a future action." (ECF No. 31 at 1 (quoting ECF No. 27 at 7).) Defendant argues that the case should be dismissed by the court, rather than transferred, because the action was filed after the four-year statute of limitations period for legal malpractice claims under Georgia law. (*Id.* at 2.)

On April 1, 2019, Plaintiff filed her Response requesting the dismissal of Defendant's Objection and noting that the Complaint alleges a breach of contract claim and is not strictly a legal malpractice claim. (ECF No. 32 at 3.) Plaintiff's Response notes that a Georgia statute provides that "simple contracts in writing" are subject to a six-year statute of limitations. (*Id.* at 1–

2 (citing GA. CODE ANN. § 9-3-24).) In a letter dated May 1, 2019, sent from Defendant to Plaintiff, Defendant reiterated his claim that the statute of limitations has run in this case. (ECF No. 35.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

## III. DISCUSSION

On November 7, 2018, Plaintiff filed her Complaint, only alleging breach of contract for damages against Defendant, her former attorney. (*See* ECF No. 1 at 1.) On December 20, 2018, Defendant moved to dismiss the action for lack of personal jurisdiction. (ECF No. 18.) In her Report, the Magistrate Judge recommends this action to be transferred, rather than dismissed, to the United States District Court for the Northern District of Georgia because transfer allows the parties to reach the merits faster, and with less cost than, if the case were dismissed and refiled. (ECF No. 27 at 1.) Additionally, the Magistrate Judge noted that transfer is the more just outcome

because Plaintiff may be barred from refiling due to the statute of limitations on her breach of contract claim. (*Id.*)

Defendant specifically objects to the statement in the Magistrate Judge's Report that "dismissal could produce an unduly harsh result in this case, given that the statute of limitations may preclude a future action." (ECF No. 31 at 1 (quoting ECF No. 27 at 7).) This statement in the Report cites to a footnote in Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (ECF No. 26), where Defendant states the statute of limitations in this case is four (4) years. (ECF No. 27 at 7.) However, the case cited in the footnote concerned a legal malpractice action that carried a four-year statute of limitations. (*See* ECF No. 26 at 1 (citing *Shores v. Troglin*, 580 S.E.2d 659 (Ga. App. 2003)).) In *Shores*, a case only involving a legal malpractice claim and no alleged breach of contract claim, the Georgia Court of Appeals stated that the statute of limitations in Georgia for legal malpractice claims is four (4) years. (580 S.E.2d at 660 (citing *Hunter, Maclean, Exley & Dunn v. Frame*, 507 S.E.2d 411, 412 (Ga. 1998)).) The Complaint only brings an action for breach of contract resulting from Defendant's alleged "failure to honor the contract" between himself and Plaintiff. (ECF No. 1 at 3.) The Complaint does not include a claim of legal malpractice. (*See* ECF No. 1 at 2–9.) Thus, this action is not barred by the four-year statute of limitations for legal malpractice claims cited by Defendant because this action alleges a breach of contract claim, and the appropriate statute of limitations is six (6), not four (4), years. (*See* ECF No. 26 at 1 (citing *Shores*, 580 S.E. 2d 659).)[1]

---

[1] Plaintiff's Complaint states that Plaintiff "began to question guidance by her counsel" after receiving a letter from Defendant on December 5, 2012. (ECF No. 1 at 7.) The precise date of the alleged breach of contract remains unclear, however, Plaintiff's original Complaint, brought November 7, 2018, may have been filed within the applicable statutory period under Georgia law, but a new action, brought in 2019, may now be precluded by the six-year statute of limitations based on the dates stated in the Complaint. (*See id.*) *See also* GA. CODE ANN. § 9-3-24.

This court concurs with the Magistrate Judge's assessment that a transfer of this action is the more appropriate outcome in the interest of justice because dismissal could prevent Plaintiff from filing a new action in the proper venue. (ECF No. 27 at 7.) The original action was filed within the applicable statutory period, but a new action may now be precluded by the statute of limitations proscribed under Georgia law. (*See* ECF No. 1.) *See also* GA. CODE ANN. § 9-3-24 (stating that actions for breach of simple contracts carry a six-year statute of limitations). Therefore, this court agrees with the Magistrate Judge's assessment that "transfer, rather than dismissal, is the more just and favorable outcome here." (ECF No. 27 at 7.) Accordingly, Defendant's objections are overruled.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds that the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 27) and incorporates it herein by reference. For the reasons set out in the Report, the court **TRANSFERS** this action to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 11, 2019
Columbia, South Carolina